12558

KING v. SMITH

(146 S. E., 237)

*Messrs. Mauldin & Love,* for appellant,

*Messrs. Watkins & Prince,* for respondent, 

January 11, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This was an action on tort, growing out of the collision of a Ford automobile of the plaintiff and a large motor bus of the defendant. The trial in the Court of Common Pleas of Anderson County, with his Honor, Judge M. L. Bonham, presiding, resulted in a verdict for the plaintiff for $9,500 actual, and $500 punitive, damages.

The defendant has appealed to this Court on three exceptions, but only two questions are really made. Both of these relate to the refusal of the Court to grant a continuance of the cause beyond the term on defendant's motion.

The collision occurred March 24, 1927; the action was commenced in April thereafter; and defendant's attorneys, Messrs. Mauldin & Love, of Greenville, answered for him in due time. The cause was docketed on May 27th, and placed on the roster for trial on June 22, 1927. On June 20th, the first day of the term, Mr. Love, in open Court, moved for the continuance on the grounds that his partner, Capt. Mauldin, the leading counsel for the defendant, was ill, and that Mr. Love would have to be engaged in the Greenville Court that week. The motion was refused, but the time of the trial was then fixed for the 23d instead of the 22d.

On the 22d of June, Mr. Love renewed the motion on the same grounds, but the Judge adhered to his former ruling. Mr. Love then procured subpoenas for certain witnesses.

On June 23d, when the case was called for trial, Mr. Love again moved for a continuance. This motion was based upon his affidavit, showing that Capt. Mauldin was then confined to his bed; that, although the firm name of Mauldin & Love appeared on the defendant's answer, the cause was in the charge of Capt. Mauldin, due to the fact that the defendant was a personal client of that gentleman, and, because Mr. Love was in attendance upon the General Assembly, of which he was a member, when the collision, out of which the suit grew, occurred, that Mr. Love had not had opportunity to interview a single witness in behalf of the defendant; that the first notice Mr. Love had of the setting of the case for trial was on June 17th, when he was so advised by a telephone message from one of the plaintiff's counsel; that, from the time of the receipt of that message until the call of the case for trial, Mr. Love had been continuously engaged in Court, and had not had opportunity to prepare the case for trial.

With the affidavit, there was submitted a certificate of Dr. J. E. Daniel, dated June 22d, stating that Capt. Mauldin was confined to bed, suffering with acute gastro-enteritis and arthritis in both ankles, and that the physician had forbidden him to leave his bed for a few days.

Mr. Love presented also his affidavit to the effect that Miss Kathleen Burriss and Mrs. L. H. Little, both of Anderson, who were temporarily absent from the State, and had left without the knowledge of the defendant, and before he could be reasonably expected to summon them, were witnesses to the collision, and were such material witnesses for the defendant that he could not safely go to trial without their testimony.

The plaintiff's counsel insisted upon trial, for the stated reason that their client was in a most serious physical con-

dition, due to injuries he received in the collision; that he might die shortly, and it was altogether probable that he would not be able to attend the next term of the Court, even if he should then be alive. Answering the objection to the desired trial, Mr. Love offered in open Court to co-operate with plaintiff's counsel in taking the testimony of the plaintiff at any convenient time, this testimony to be used at the trial of the case if the plaintiff was unable to be present.

Judge Bonham again denied the motion. His remarks thereabout stated at the time, appearing in the record, will be reported.

The case proceeded to trial, with Mr. Love and G. C. Sullivan, Esq., of the Anderson bar, representing the defendant.

In the evidence adduced for the plaintiff, it was shown by the testimony of two physicians that the plaintiff had been most seriously injured in the accident, and there had been little, if any, improvement in his condition. He sustained a crushing injury to the bone in the small part of his back; from the site of this injury down there was a total paralysis; his mental condition was bad; and he could not control the function of his bladder. The physicians thought the paralysis of the bladder would cause infection in the kidney tract, and that was very often a serious occurrence, it being frequently fatal to a patient. These medical witnesses gave it as their judgment that plaintiff would never be able to walk.

Mrs. Nora Tribble, who was riding in an automobile not concerned in the collision, with Mrs. Little and Miss Burriss, the ladies desired as witnesses by the defendant, saw the collision, and she testified for the defendant. It was shown by Mrs. Tribble's testimony that Mrs. Little was in Atlanta and that Miss Burriss was in Europe.

Following the verdict of the jury favorable to the plaintiff, the defendant moved for a new trial. That motion was

based upon the refusal of the trial Judge to grant the continuance asked for on the grounds already stated.

It is so well understood that a motion for continuance is addressed to the sound discretion of the trial Judge, and that this Court will not upset his ruling on such motion unless it manifestly appears that there was an erroneous exercise of his discretion, that it is needless to cite supporting authority for the proposition.

We have given the reasons advanced in this cause for the desired continuance careful attention. We are impressed, too, that the kind-hearted circuit Judge gave them his most earnest consideration. It is evident that he desired to show every possible courtesy both to the excellent and highly ethical member of the bar who was undergoing affliction and his client. But he was confronted with a plaintiff, a young school teacher, injured almost unto death, with possibly, it seemed then, only a few weeks to live, seeking recovery of damages for the injuries he had sustained from the man whose negligence he charged had brought him to his unfortunate situation. Pleading that the sound discretion of the Court be exercised in their respective favors were an ill lawyer of a litigant on the one hand and almost a dying litigant on the other.

No such situation, or one in any way quite similar to it, has been discovered by us in an exhaustive search of our reported cases.

The nearest we find was an instance where the defendant had a firm of two lawyers representing him, and both of them were ill when the trial was about to be entered upon—one too sick to attend Court, and the other present, but unable to speak above a whisper on account of a throat affection. The Judge forced the defendant to get another lawyer and proceed with the trial. On appeal, this Court held there was reversible error. *Varn v. Green*, 50 S. C., 403, 27 S. E., 863.

The position of the party there moving for the continuance was much stronger, it seems to us, than was the situation of the defendant in this case. Here, as there, a partnership of two lawyers appeared on the record as counsel for the litigant seeking the continuance, but only one of them was ill. In that case both of the lawyers for the movant for continuance were members of the bar in the County where the action was pending; while here, the attorneys seeking the continuance did not reside in the County where the case was to be tried. The important distinction in the cases, however, is that in the *Varn case* there was nothing to indicate that the party who sought to have the trial would not be able to be present at another term of the Court, while in the case at bar the Judge had especially good reason to think that the plaintiff might then be in the Court for his very last time.

Mr. Love had notice on June 17th from counsel for plaintiff that they would press for the trial of the case on June 22d. The condition of his partner's health was known to him at that time; and, undoubtedly, both he and the defendant knew of the serious physical condition of the plaintiff. Instead of making earnest efforts to get ready for the trial by procuring the assistance of other counsel, if necessary, the defendant and his retained counsel proceeded to insist upon their demand for a continuance. On June 20th, when the Court had definitely refused the motion for the continuance, and allowed a postponement, however, of the trial until June 23d, full three days were given the defendant to make preparation of his case.

There have been hundreds of instances in this State where important trials have been had after only three days' notice to counsel, even to attorneys assigned by the Court in the defense of defendants charged with capital crime. This case did not involve the life or liberty of a citizen. It does not appear that any intricate legal principles were involved therein; the usual and well-declared laws

as to tort, growing out of automobile collisions, only being applicable thereto. However anxious the·defendant may have been to have present at the trial his leading counsel, Capt. Mauldin, it must be taken into consideration that the junior member of the firm, Mr. Love, has been for several years a trial lawyer of great experience, and highly regarded as a practitioner of much ability, and that he had associated with him Mr. Sullivan, of the Anderson bar, who likewise stands very high in the profession of the law. With these two attorneys to represent him, the defendant had the benefit of able counsel, well prepared to see that his defense was properly presented to the Court. The main purpose of our Court procedure is to see, first, that litigants have a fair and impartial trial; the next is to give those demanding it as speedy a trial as possible.

Rule 27 of the circuit Court provides that a party seeking for a continuance, in addition to showing that due diligence was exercised by him to procure the attendance of an absent witness, must also set forth, under oath, the fact or facts he believes the witness, if present, would testify to, and the grounds of that belief. It does not appear that the defendant complied with this rule when he sought a continuance on account of the absence of Miss Burriss and Mrs. Little. It is doubtful, too, if he exercised due diligence in procuring the attendance of the desired witnesses. The record does not show when Miss Burriss and Mrs. Little left Anderson, the one for Europe and the other for Atlanta. The defendant was served with the summons and complaint some time on April. No effort was made to subpoena the ladies until the week of June 20th, when the case was to be tried. It appears also that it is likely Mrs. Tribble gave the same testimony which the defendant wished to offer through the absent witnesses.

In reaching a conclusion·as to the merits of the exceptions made in this case, we have been influenced a great deal by the fact that the presiding Judge refused the defendant a new

trial on the ground that the continuance should have been granted. At that time, Judge Bonham was in a better position to judge fully of the situation than he had been when the three separate motions for continuance had been made. At that time, he had heard the evidence in the case; he had become more acquainted with the physical condition of the plaintiff; he had had opportunity to see and know if the defendant had been properly represented by the counsel in charge of his case, and he was more fully advised then as to the justice of the cause. With all these things before him, he concluded that he had not erroneously exercised the discretion vested in him by the law when he forced the defendant to trial. We are absolutely sure that, if at the time the motion for a new trial was made there was the least doubt in the mind of the trial Judge as to the correctness of his former ruling, he would have unhesitatingly admitted his error by granting the defendant a new trial.

This is a hard case, we admit; just as the circuit Judge admitted it was hard. He exercised his discretion as he thought best under all the circumstances. This Court is unable to declare from the record and all the surrounding circumstances, of which Judge Bonham was in better position to judge than we are, that he abused the discretion allowed him under the law.

The judgment of this Court is that the judgment of the lower Court be, and the same is hereby, affirmed.

MR. CHIEF · JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN and STABLER and MR. ACTING ASSOCIATE JUSTICE RAMAGE concur.